UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81496-CIV-HURLEY

PEBB CLEVELAND, LLC,
    plaintiff,

vs.

FIREMAN'S FUND INSURANCE COMPANY,
HALYCON UNDERWRITERS, INC. and
CBIZ INSURANCE SERVICES, INC.
d/b/a CBIZ MERIDIAN,
    defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS COMPLAINT
AGAINST DEFENDANTS HALYCON UNDERWRITERS, INC. and
CBIZ INSURANCE SERVICES, INC. d/b/a CBIZ MERIDIAN
FOR FAILURE TO STATE A CLAIM [ECF Nos. 4, 10-1, 16]
&
ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [ECF No. 15]

**THIS CAUSE** is before the court upon defendants Fireman's Fund Insurance Company (Fireman's Fund), Halycon Underwriters, Inc. ("Halycon") and CBIZ Insurance Services, Inc. ("CBIZ")'s motion to dismiss the plaintiff's complaint based on fraudulent joinder [ECF 4, 10-1, 16]. In addition, the case is before the court on plaintiff's motion to remand [ECF 15].

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Pebb Cleveland LLC ("Pebb"), a Delaware corporation, originally filed this suit against defendants Fireman's Fund, Halycon and CBIZ in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. Count 1 asserted a claim of breach of contract against Fireman's Fund, a California corporation. Counts 2 and 3 asserted negligence claims against CBIZ and Halycon, Pebb's Florida-based insurance agent and broker, respectively.

Fireman's Fund removed the case to this court on December 1, 2014 [ECF 1], asserting

diversity jurisdiction under 28 U.S.C. §1332 on theory that the non-diverse defendants, Halycon and CBIZ, were fraudulently joined to defeat the jurisdiction of this court which otherwise would exist. The following facts, drawn from the plaintiff's complaint, are accepted as true for the purpose of resolving the instant motion.

At a time prior to January 9, 2014, Pebb applied for and obtained an "all risk" business insurance policy from Fireman's Fund which covered certain commercial property owned by it in Aurora, Ohio. Defendants CBIZ Insurance and Halycon Underwriters represented Pebb in the purchase of the policy, which was delivered to Pebb at its principal place of business in Boca Raton, Palm Beach County, Florida.

On January 9, 2014, a deep freeze caused a sprinkler pipe to burst at Pebb's Ohio property, causing extensive water damage to the building. Pebb promptly submitted a property damage claim to Fireman's Fund, which denied the claim on ground the building was allegedly vacant for more than sixty days and the building's sprinkler system had not been protected from freezing.

Pebb filed a three-count complaint in state court on October 2, 2014. Count 1 alleged a breach of contract against Fireman's Fund based on its failure to honor Pebb's property damage insurance claim. Counts 2 and 3 alleged negligence against CBIZ and Halycon for failure to procure an insurance policy covering unoccupied premises, and failing to advise that the policy obtained included a "vacancy clause" which excluded damages related to unoccupied premises.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Failure to State a Claim

A complaint may be dismissed under Rule 12(b) (6) for "failure to state a claim on which relief can be granted." When ruling on a motion to dismiss, a court must accept the facts alleged in

the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). Although a complaint is not required to contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A dismissal is appropriate when, on the basis of a dispositive issue of law, no construction of the allegations of a complaint will support the cause of action. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991).

### B. Motion to Remand for Fraudulent Joinder

Defendant Fireman's Fund removed this case to federal district court on the basis of diversity jurisdiction under 28 U.S.C. §1332 and §1441. For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. §1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the removing party satisfies the heavy burden of proving by clear and convincing evidence that either (1) there is no possibility the plaintiff can establish any cause of action against that defendant, or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Crespo v. Coldwell Banker Mortgage,* ___ Fed. Appx. ___, 2014 WL 7272766 (11th Cir. 2014); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

In the first category, the plaintiff "need not have a winning case against the allegedly

3

fraudulent defendant, [but only the] possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendant, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 19893), superceded by statute on other grounds, *Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989). The potential for legal liability "must be reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n. 5 (11th Cir. 2005).

### III.  DISCUSSION

#### A.  Motion to Dismiss - Failure to State a Claim

Under Florida law, negligence claims against an insurance agent do not accrue until the existence of insurance has been completely resolved, i.e., when the coverage proceedings against the insurer are final. *Blumberg v. USAA Casualty Ins. Co.,* 790 So.2d 1061 (Fla. 2001). The theory is that an insured claiming that he is entitled to insurance coverage is judicially estopped from simultaneously claiming a lack of coverage against the agent that procured the policy on his behalf. *Id* at 1061.

This means, under Florida law, that Pebb's failure to procure claims against Halycon and CBIZ are contingent and premature, as the defendants' liability for failure to procure, if any, becomes an issue for resolution only upon a final determination that no insurance coverage exists under the policy issued by Fireman's Fund. If the Court determines that Fireman's Fund is liable to Pebb under the policy, then Halycon and CBIZ caused no damage to Pebb because insurance was properly procured. On the other hand, if the court determines that Fireman's Fund is not liable under

the policy because it does not cover damage to unoccupied premises, then Halycon and CIBZ are potentially liable for failure to recommend and obtain adequate insurance coverage to meet the known needs of the insured.

At present, the court agrees that there is no possibility that Pebb can state negligent failure to procure claims against Halcyon or CBIZ, and accordingly finds that these defendants have been fraudulently joined. *Looney v. Protective Life Ins. Co.*, 2007 WL 2669190 (M.D. Fla. 2007); *Fontainebleau Gardens Condominium Ass'n, Inc. v. Pacific Ins. Co., Ltd.*, 768 F. Supp. 2d 1271 (S.D. Fla. 2011).

Pebb argues that a stay or abatement of its claims against Halycon and CBIZ is the appropriate remedy if the Court determines that the claims are premature. *See Blumberg v USAA Cas. Ins. Co*, 790 So.2d 1061, 1065 n. 2 (Fla. 2001) (finding proper remedy for premature litigation is an abatement or stay of the claim for the period necessary for its maturation under the law). However, considering the circumstances of this case, and that fact that Pebb's claims against Halycon and CBIZ may never mature if the court determines that Fireman's Fund is liable to Pebb under the policy, the court finds that dismissal of Pebb's claims against Halycon and CBIZ, without prejudice, is appropriate. *Hernandez v. Infinity Indemnity Ins. Co.,* ___ F. Supp. 3d ___, 2014 WL 4494752 (S.D. Fla. 2014); *Wells Fargo Ins. Services USA, Inc. v. Blackshear*, 136 So.3d 1235, 1239 (Fla. 2d DCA 2014) (dismissal without prejudice is appropriate remedy where premature element of count will not be cured by passage of time); *Mobro Marine Inc. v. Essex Insurance Co.*, 2011 WL 6328255 at *4 (M.D. Fla. 2011) (dismissing without prejudice negligent failure to procure claims against insurance agent because claims were contingent and premature under *Bloomberg*); *Looney v. Protective Life Ins. Co.*, 2007 WL 2669190 (M.D. Fla. 2007).

### B. Plaintiff's Motion for Remand

Pebb cannot properly state a claim against defendant Halcyon or CBIZ, as any negligence action against them is contingent and premature pending the result of the breach of contract claim against Fireman's Fund. Without an actionable claim against Halcyon and CBIZ, the plaintiff is left with its breach of contract claim against Fireman's Fund. As such, the two remaining parties to this action are completely diverse in citizenship and have been properly removed to this court. Accordingly, plaintiff's motion to remand must be denied.

### IV. CONCLUSION

Pebb has stated a cognizable breach of contract claim against Fireman's Fund. However, any action against defendants Halycon or CBIZ is premature pending resolution of Pebb's action against Fireman's Fund. Because no cause of action has yet accrued against these defendants as a matter of law, they shall be dismissed. The court shall retain jurisdiction over the remaining claim against Fireman's Fund under its diversity jurisdiction.

It is accordingly **ORDERED AND ADJUDGED:**

1. The defendants' motions to dismiss the negligence claims against Halycon and CBIZ [ECF 4, 10-1, 16] are **GRANTED**, and the claims against defendants Halycon and CBIZ are here **DISMISSED WITHOUT PREJUDICE**.

2. The plaintiff's motion to remand [ECF 15] is **DENIED.**

**DONE and SIGNED** in Chambers in West Palm Beach, Florida this 23rd day of January, 2015.

Daniel T. K. Hurley
United States District Judge

cc. All counsel